Mr. Dennis R. Jones Commissioner Texas Department of Mental Health and Mental Retardation P.O. Box 12668 Austin, Texas 78711-2668
Re: Whether section 2.13 of the Mental Health and Mental Retardation Act authorizes the Department of Mental Health and Mental Retardation to purchase and/or lease real and personal property for the purpose of providing community-based services without following the procedures of the State Purchasing and General Services Act (RQ-2049)
Dear Commissioner Jones:
 You ask whether section 2.13 of the Texas Mental Health and Mental Retardation Act authorizes the Texas Department of Mental Health and Mental Retardation [the "department"], to purchase or lease personal property, or to lease real property, in connection with the provision of community-based mental health and mental retardation services under that act, without being subject to the provisions of the State Purchasing and General Services Act, V.T.C.S. article 601b. See V.T.C.S. art. 5547-201 et seq. (the Texas Mental Health and Mental Retardation Act).
Article 601b provides that the State Purchasing and General Services Commission [the "commission"] "shall purchase, lease, rent, or otherwise acquire all supplies, materials, services, and equipment for all state agencies."[1] Id. § 3.01(a). Article 6 of that act provides that "[w]hen a state agency needs space to carry on its functions [it] shall submit a written request for the space to the commission." Id. § 6.02(a). If state-owned space is not available "the commission may lease space for the agency from another source." Id. § 6.05(a). Under such a lease contract "the State of Texas, acting through the commission, is the lessee." Id. § 6.05(e).[2]
The department is clearly a state agency within the purview of the provisions of article 601b. See id. § 1.02(2) (defining "state agency"). Attorney General Opinion JM-978 (1988) noted that a "state agency . . . is subject to the provisions of article 601b . . . unless exempted by the legislature." You suggest that the department has authority under the circumstances you describe to purchase or lease personal property or to lease real property without being subject to the requirements of article 601b.
Article 5547-204 provides specifically for the department's duties regarding "community-based services," the context in which your question about the department's purchasing and leasing authority has arisen. Section 4.03, in subsection (a), lists the minimum services that must be available in each service area and, in subsection (b), directs the department to contract with "designated providers" in each service area to provide the services directly or by subcontract. "Designated providers" may be "community centers"[3] operated by certain local governmental entities, other local agencies, or private providers. Id. § 4.03(b). "If the Department is unable to identify and contract with a designated provider in a service area, the Department shall provide the services required under this article directly through a departmental facility outreach program." Id.
Section 4.01A of article 5547-204 provides that the term "mental health or mental retardation authority" is used in the article to refer to both a "designated provider" and a "departmental facility outreach program." You indicate in your request that under some contracts with designated providers, and for some departmental outreach programs established under article 5547-204, the department must acquire and provide equipment, supplies, and facilities to be used by such mental health or mental retardation authorities in rendering the community-based services. You suggest that section 2.13 of the Mental Health and Mental Retardation Act, if read together with section 4.03C, provides the department with authority to acquire such property under the "competitive procurement system" established under section 4.03C, rather than under the requirements of article 601b. We disagree.
Section 2.13 of article 5547-202 provides:
 The Department may cooperate, negotiate and contract with local agencies, hospitals, private organizations and foundations, community centers, physicians and persons to plan, develop and provide community-based mental health and mental retardation services.
Section 4.03C of article 5547-204 reads, in pertinent part:
 (a) This section applies only to a contract to provide service for persons with mental retardation or mental illness at the community level, including residential services, that:
 (1) is between a private provider and a mental health or mental retardation authority;
 (2) involves the use of state funds or funds for which the state has oversight responsibility; and
(3) is initially awarded on or after August 30, 1989.
 (b) The department shall design a competitive procurement or similar system that a mental health or mental retardation authority shall use in awarding a contract under this section.
See also 25 T.A.C. §§ 401.377-401.385 (the department's rules promulgated pursuant to section 4.03C).
We find nothing in sections 2.13 or 4.03C which indicates that the legislature intended these sections to provide exemptions from article 601b for leases or purchases of property by the department.
Even if the procurement system provided for in section 4.03C might arguably be made applicable to departmental procurements where the mental health or mental retardation authority to be contracting for services with a private provider is a departmental facility outreach program, that section applies only to contracts with a provider. If, under such a contract, a departmental facility outreach program is to provide space or property to be used in rendering the services, the department's acquisition of such space or property is not exempt from article 601b. See Attorney General Opinion JM-445 (1986) (purchases by Texas Surplus Property Agency with funds from Service Charge Trust Fund subject to article 601b). Cf. Attorney General OpinionJM-978 (1988) (administration of medicaid program for Department of Human Services). Compare Attorney General Opinion H-459 (1974) (the predecessor to article 601b did not apply to a short-term rental of space by the Texas Rehabilitation Commission for a client of the commission).
 SUMMARY
Where the Department of Mental Health and Mental Retardation purchases or leases personal property, or leases real property, to be used in connection with the provision of community-based services by a mental health or mental retardation authority under the Mental Health and Mental Retardation Act, section 2.13 of that act does not exempt those acquisitions from the provisions of article 601b, the State Purchasing and General Services Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] Section 3.01(a)(4) makes exception for "materials, supplies, or equipment purchased by a state-owned hospital or clinic" under the circumstances set out there. Section 3.06 provides that the commission may delegate to a state agency authority to purchase supplies, materials, and equipment in accordance with commission-prescribed procedures. Section 3.07 provides for emergency purchases. Section 3.08 provides that "state agencies are delegated the authority to purchase supplies, materials, and equipment if the purchase does not exceed $500" but that the commission shall prescribe procedures for these purchases. You neither reference any of these provisions nor supply us with facts indicating they are relevant to the situations you are concerned about. We will therefore not address them here.
[2] See also 1 T.A.C. §§ 113.1 et seq. (commission rules regarding purchasing), 115.31 et seq. (commission rules regarding leasing of space).
[3] See V.T.C.S. art. 5547-203 (providing for establishment and operation of "community centers").